GAIL DECORSO *v.* JAMAL CALDERARO ET AL.
(AC 30353)

Lavine, Beach and McDonald, Js.

Argued October 22—officially released December 29, 2009

*Gail DeCorso*, pro se, the appellant (plaintiff).

*Alfred J. Zullo*, pro se, the appellee (defendant).

*Laura Pascale Zaino*, with whom, on the brief, was *Regen O'Malley*, for the appellee (defendant Neil Longobardi).

*Opinion*

LAVINE, J. The pro se plaintiff, Gail DeCorso, appeals from the judgment of the trial court rendered when it granted the motions for summary judgment filed by the defendants Alfred J. Zullo, an attorney, and Neil

Longobardi, a state marshal.[1] On appeal, the plaintiff claims that the court erred when it granted the motions for summary judgment because it failed to consider (1) Practice Book § 61-11 (a), (2) 11 U.S.C. § 362 (a) (2), and (3) (a) issues of material fact as to the rules of practice and the United States Bankruptcy Code and (b) the allegations of trespass in the original complaint. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Jamal Calderaro purchased 4 Summit Road in Prospect (premises) in early 2004. Before Calderaro had purchased the premises, the plaintiff and the previous owner had entered into a written commercial lease. During Calderaro's ownership of the premises, the plaintiff failed to pay rent, and Calderaro brought a summary process action against her.[2] In that action, the court, *Pinkus, J.*, rendered judgment in favor of Calderaro on September 1, 2004.[3] The original execution on the judgment of possession was issued on September 15, 2004. The plaintiff, however, filed a petition in bankruptcy under chapter 13 of the Bankruptcy Code,[4] which stayed the eviction. Calderaro retained Zullo to represent her in the Bankruptcy Court, and he filed a motion for relief from the bankruptcy stay on Calderaro's behalf. The bankruptcy petition, however, was dismissed on November 2, 2004, due to the plaintiff's failure to file schedules and make postpetition payments.

The plaintiff filed a second chapter 13 bankruptcy petition on October 29, 2004, but did not name Calderaro as a creditor. Although Calderaro did not receive notice of the second bankruptcy petition, Zullo learned

[1] The named defendant, Jamal Calderaro, is not a party to this appeal.

[2] Zullo did not represent Calderaro in the summary process action.

[3] On January 20, 2005, the plaintiff filed an appeal from the judgment of possession. The appeal was dismissed on May 11, 2005.

[4] See 11 U.S.C. § 1301 et seq.

of it and filed another motion for relief from the bankruptcy stay. The motion for relief from the stay was granted. In the interim, Calderaro obtained a second execution on the judgment of possession on January 3, 2005. That execution was stayed, however, by the Bankruptcy Court's having extended the bankruptcy stay until January 19, 2005, to give the plaintiff time to file an appeal with the United States District Court. The District Court granted the plaintiff a temporary stay pending a hearing. The bankruptcy stay expired on February 10, 2005, when the District Court denied the plaintiff's motion for stay pending appeal and her motion for a continuance of the stay.[5] On February 12, 2005, Longobardi evicted the plaintiff from the premises pursuant to the judgment of possession and General Statutes § 6-38a.[6]

On February 24, 2007, the plaintiff commenced the present action against Calderaro, Zullo and Longobardi. The plaintiff's original complaint sounded in five counts, including trespass to chattels. Thereafter, the plaintiff filed a sixteen count, substituted revised complaint, which is the operative complaint (complaint). The complaint alleged as to Zullo that he (1) violated the Connecticut Unfair Trade Practices Act (CUTPA),[7] (2) acted wilfully and wantonly, entitling the plaintiff to punitive damages, (3) negligently inflicted emotional distress on the plaintiff and (4) intentionally inflicted emotional distress on the plaintiff. The plaintiff alleged similar claims as to Longobardi. Longobardi filed a motion to strike all of the counts against him. The court,

[5] The District Court's order states in part: "Temporary stay given until 2/10/05 expires at midnight on 2/10/05."

[6] General Statutes § 6-38a provides in relevant part: "(b) Any state marshal, shall, in the performance of execution . . . functions, have the right of entry on private property and no such person shall be personally liable for damage or injury, not wanton, reckless or malicious, caused by the discharge of such functions."

[7] See General Statutes § 42-110a et seq.

*Roche, J.,* granted the motion to strike as to only the intentional infliction of emotional distress count. After the pleadings were closed, Calderaro, Zullo and Longobardi each filed motions for summary judgment. On July 15, 2008, Judge Roche granted Calderaro's summary judgment motion in part and the summary judgment motions filed by Zullo[8] and Longobardi[9] in their entirety. The plaintiff appealed.[10]

## I

## STANDARD OF REVIEW

On appeal, a court's decision to render summary judgment is subject to the plenary standard of review. *Weiner* v. *Clinton*, 106 Conn. App. 379, 383, 942 A.2d 469 (2008). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § [17-49].

---

[8] The court granted Zullo's motion for summary judgment for the following reasons. The plaintiff presented no credible evidence that Zullo's limited representation of Calderaro in the bankruptcy proceeding, which the plaintiff initiated, was a violation of CUTPA. With respect to count nine, which alleged wilful and wanton conduct, the court concluded that the plaintiff produced no credible evidence that Zullo's acts or failures to act were wilful or wanton. As to the plaintiff's allegations of negligent and intentional infliction of emotional distress, the court concluded that the complaint alleged no credible factual or legal issues, and the plaintiff offered no proof to support the allegations.

[9] The court granted Longobardi's motion for summary judgment for the following reasons. The court concluded that with respect to count seven, Longobardi was operating within the parameters of his authority as a civil officer and in his official capacity. His service of process was protected pursuant to § 6-38a (b) as a matter of law. As to count ten, the court found no credible factual or legal basis for punitive damages, as Longobardi did not violate CUTPA. As to the allegations of negligent infliction of emotional distress, the plaintiff failed to allege credible issues of material fact.

[10] The plaintiff's appeal included all of the defendants. Because Calderaro's motion for summary judgment was granted in part only, Calderaro filed a motion to dismiss the appeal as to her. This court granted Calderaro's motion to dismiss.

In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) *Gold* v. *East Haddam*, 290 Conn. 668, 677–78, 966 A.2d 684 (2009).

"A genuine issue has been variously described as triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. . . . Hence, the genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Craftsmen, Inc.* v. *Young*, 18 Conn. App. 463, 465, 557 A.2d 1292 (1989), cert. denied, 212 Conn. 806, 561 A.2d 947 (1989). "The applicable rule regarding the material facts to be considered on a motion for summary judgment is that the facts at issue are those alleged in the pleadings." *New Haven Savings Bank* v. *LaPlace*, 66 Conn. App. 1, 15, 783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426 (2001), citing *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 488–89, 280 A.2d

359 (1971). "The interpretation of pleadings is an issue of law." *Maloney* v. *PCRE, LLC*, 68 Conn. App. 727, 746, 793 A.2d 1118 (2002).

## II

### SUBJECT MATTER JURISDICTION

Before addressing the plaintiff's claims, we must determine whether we have subject matter jurisdiction to hear the appeal as to Longobardi.[11] In preparing for oral argument, we noted that although the court granted Longobardi's motion to strike the intentional infliction of emotional distress count, the judgment file does not indicate that judgment has entered as to that count.[12] See Practice Book § 10-44.[13] Ordinarily, all causes of action alleged as to a particular party must be disposed of before an appeal may lie. See Practice Book § 61-3. The ruling upon the motion to strike, therefore, does not qualify as a final judgment because it neither terminated a separate and distinct proceeding nor concluded the rights of the parties so that further proceedings could not affect them. See *Breen* v. *Phelps*, 186 Conn. 86, 89, 439 A.2d 1066 (1982).

[11] A question concerning subject matter jurisdiction may be raised by the court sua sponte at any stage of the proceedings. *Grimm* v. *Grimm*, 276 Conn. 377, 393 n.18, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006).

[12] During oral argument, we inquired as to whether a judgment had been rendered with respect to the intentional infliction of emotional distress count. Neither party indicated that such a judgment had been entered.

[13] Practice Book § 10-44 provides that "[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint, or any count in a complaint, counterclaim or cross complaint has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, *upon* motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint, or count thereof. Nothing in this section shall dispense with the requirements of Section 61-3 or 61-4 of the appellate rules." (Emphasis added.)

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . . The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 793–94, 967 A.2d 1 (2009).

"A plaintiff, however, may elect to stand upon a complaint which has been stricken as deficient by refusing to plead further." *Breen* v. *Phelps*, supra, 186 Conn. 89. In granting the motion to strike the intentional infliction of emotional distress count, the court stated that "[count sixteen] is stricken with prejudice against the plaintiff and cannot be repleaded without the court's permission." The plaintiff never sought permission to replead and did not replead count sixteen. In similar circumstances where a count of a complaint was stricken, but the plaintiff failed to plead over, no judgment was entered thereon and the remaining counts were disposed of by way of summary judgment, this court has considered the appeal to have been from a final judgment. See *Yancey* v. *Connecticut Life & Casualty Ins. Co.*, 68 Conn. App. 556, 557 n.1, 791 A.2d 719 (2002), citing *Breen* v. *Phelps*, supra, 91 n.7; see also *Jones* v. *H.N.S. Management Co.*, 92 Conn. App. 223, 224 n.1, 883 A.2d 831 (2005). We therefore conclude that we have jurisdiction to consider the appeal as to Longobardi.[14]

---

[14] Although we conclude on the facts of this case that the appeal is from a final judgment, the circumstances of this case are the exception, rather

III

PLAINTIFF'S CLAIMS

The plaintiff's claims on appeal are directed toward both Zullo and Longobardi. She claims that in its memorandum of decision, the court failed to address (1) Practice Book § 61-11 (a), (2) 11 U.S.C. § 362 (a) (2),[15] and (3) (a) issues of material fact as to the rules of practice and the Bankruptcy Code and (b) the allegations of trespass. We disagree with the plaintiff's claims.

A

The plaintiff first claims that the court erred in not addressing Practice Book § 61-11 (a) in its memorandum of decision. We disagree.

Following a trial in the summary process action, Judge Pinkus rendered judgment of possession in favor of Calderaro on September 1, 2004. The plaintiff did not file an appeal from the judgment of possession until January 20, 2005.[16] The plaintiff contends that the appellate stay was in effect at the time she was evicted from the premises on February 12, 2005.

Our rules of practice provide for a stay of execution pending appeal of a trial court judgment. Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be

than the rule. The correct procedure is to file a motion for judgment if a stricken count is not pleaded over. See Practice Book §§ 10-44 and 61-3.

[15] Section 362 (a) of title 11 of the United States Code provides in relevant part: "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970 . . . operates as a stay, applicable to all entities, of . . . (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . ."

[16] This court granted Calderaro's motion to dismiss the appeal as late. See General Statutes § 47a-35 (b).

automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

With respect to summary process actions, General Statutes § 47a-35 provides in relevant part: "(a) Execution shall be *stayed for five days* from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days. (b) No appeal shall be taken except *within such five-day period.* . . ." (Emphasis added.)

There are no genuine issues of material fact that Longobardi did not evict the plaintiff within five days of the judgment and that the plaintiff failed to file an appeal within five days of the judgment, as required. No stay of execution pursuant to § 47a-35 was in effect in January, 2005, when the plaintiff filed her appeal. The court therefore did not err in granting the motions for summary judgment, as there was no appellate stay in effect at the time the plaintiff was evicted from the premises.

B

The plaintiff's second claim is that the court erred in granting the motions for summary judgment filed by Zullo and Longobardi by failing to address 11 U.S.C. § 362 (a) (2). The plaintiff cannot prevail, as she has failed to bring to our attention any issue of material fact on the issue of the bankruptcy stay. The bankruptcy stay terminated on February 10, 2005, and the eviction was not carried out until February 12, 2005. There was no bankruptcy stay in effect at the time of the eviction.

Moreover, Zullo only represented Calderaro in the bankruptcy proceedings, and the plaintiff has presented no evidence that Zullo was in any way responsible for the eviction. As to Longobardi, it is fundamental to our

law that a plaintiff's ability to recover is limited to the allegations of her complaint. See *Yellow Page Consultants, Inc.* v. *Omni Home Health Services, Inc.*, 59 Conn. App. 194, 200, 756 A.2d 309 (2000). Although the plaintiff alleged that Calderaro and Zullo knew or should have known of the bankruptcy stay, she made no such allegations against Longobardi. The plaintiff's claim as to the bankruptcy stay, therefore, fails.

## C

The plaintiff claims that the court erred by failing (1) to conclude that there were genuine issues of material fact as to the rules of practice and the Bankruptcy Code[17] and (2) to address the allegations of common-law trespass when it granted the motions for summary judgment filed by Zullo and Longobardi. We do not agree.

In the original complaint, the plaintiff alleged five counts against Calderaro, Zullo and Longobardi: professional liability (intentional and contributory), intentional infliction of emotional distress, trespass to chattels, conversion, negligence per se and negligent infliction of emotional distress. Zullo filed a request to revise, asking the plaintiff to allege the causes of action in separate counts as to the individual defendants. The plaintiff did not respond to the request to revise but instead filed a sixteen count substituted revised complaint that did not allege trespass as to either Zullo or Longobardi. When the plaintiff filed the substituted revised complaint, the trespass cause of action was withdrawn; the original complaint was no longer the operative complaint. See, e.g., *Forbes* v. *Ballaro*, 31 Conn. App. 235, 240 n.8, 624 A.2d 389 (1993). In adjudicating the motions for summary judgment, the court

[17] We decline to address the first part of the claim, as we addressed it in part III A and B of this opinion.

was not required to address trespass because the operative complaint did not contain counts alleging trespass. For the foregoing reasons, we conclude that the court did not err in granting the motions for summary judgment filed by Zullo and Longobardi.

The judgment is affirmed.

In this opinion the other judges concurred.