TD BANK, N.A. *v.* J AND M HOLDINGS, LLC, ET AL.
(AC 33857)

DiPentima, C. J., and Beach and Bear, Js.

Argued January 14—officially released June 18, 2013

*James R. Winkel*, for the appellants (named defendant et al.).

*Patrick M. Fryer*, for the appellee (plaintiff).

BEACH, J. The defendants, J & M Holdings, LLC (J & M Holdings), Debra Schlachter Hall and Pierce Hall, appeal from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, TD Bank, N.A. The defendants claim that the court erred in (1) striking certain special defenses and (2) granting the plaintiff's motion for summary judgment. We reverse the judgment of the trial court.

The plaintiff commenced this action in March, 2010. In June, 2010, the plaintiff filed the operative complaint in which it sought to foreclose on certain commercial property of J & M Holdings and sought judgment against Hall and Schlachter Hall, as guarantors of the notes, for failing to pay the balance due. The operative complaint alleged the following relevant facts. By way of a "construction mortgage note," dated August 31, 2005, J & M Holdings promised to pay to the plaintiff $2.7 million.[1] To secure the note, J & M Holdings mortgaged to the plaintiff its property at 20 Excalibur Boulevard in Plainfield (Plainfield property) by executing an "open-end construction mortgage deed" and security agreement. J & M Holdings executed a second "construction mortgage note" dated August 31, 2005, by which it promised to pay the plaintiff the principal sum of $600,000. To secure this note, J & M Holdings executed a second "open-end construction mortgage deed" and security agreement in which J & M Holdings mortgaged the Plainfield property. The plaintiff alleged in its complaint that J & M Holdings defaulted under the terms of both notes and failed to pay the balance due on each.[2]

---

[1] In the operative complaint, the plaintiff also referred to itself as TD Banknorth, N.A., and noted that in May, 2008, TD Banknorth, N.A., changed its name to TD Bank, N.A.

[2] For convenience, we refer in this opinion to these notes and mortgages as the Plainfield note and/or mortgage.

In August, 2010, the defendants filed an answer and seven special defenses.[3] The plaintiff filed a motion to strike all of the defendants' special defenses, which the court granted. The plaintiff filed a motion for summary judgment as to liability only, which the court granted. The plaintiff filed a motion for judgment of strict foreclosure, and in August, 2011, the court entered a judgment of foreclosure by sale.

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Ugrin* v. *Cheshire*, 307 Conn. 364, 373, 54 A.3d 532 (2012).

"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both." (Internal quotation marks omitted.) *Mortgage Electronic Registration Systems* v. *Goduto*, 110 Conn. App. 367, 369 n.2, 955 A.2d 544, cert. denied, 289 Conn. 956, 961 A.2d 420 (2008). "[O]ur courts have permitted several equitable defenses to a

---

[3] The defendants also filed a two count counterclaim. The plaintiff filed a motion to strike the counterclaim counts, which the court granted. The defendants' statement of issues in their brief included an issue relating to the striking of their counterclaims, but they did not address this issue in the argument section of their brief. The plaintiff filed a motion to dismiss the portion of this appeal concerning the court's granting of the motion to strike the defendants counterclaims, which motion we granted.

foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 705–706, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002).

I

The defendants claim that the court erred in granting the plaintiff's motion to strike their second, third, fourth, fifth, sixth and seventh special defenses.[4] We agree as to the fifth special defense and disagree as to the remaining special defenses.

In their second special defense, the defendants alleged that the plaintiff refused to facilitate a favorable sale of the Plainfield property to a third party because it refused to waive a prepayment penalty. The defendants argue that Superior Court decisions have found the defense of refusal to agree to a favorable sale to a third party to be a valid special defense to a foreclosure action. They contend that the actions of the plaintiff clearly harmed the defendants and the special defense is valid because it relates to the ability of the plaintiff to enforce the Plainfield note and mortgage.

Even if we were to assume that a mortgagee's refusal to agree to a favorable sale can in some instances be a valid defense in a foreclosure proceeding, the defendants have not set forth a legally sufficient defense in this instance. They allege that the plaintiff refused to waive a prepayment penalty and thus refused to facilitate the sale. The defendants made no allegation that

---

[4] The defendants make no claim on appeal regarding the first special defense.

the prepayment penalty was unenforceable or that the plaintiff was legally obligated to waive the prepayment penalty. We know of no binding authority, and the defendants have not directed us to any, requiring a mortgagee not to enforce an otherwise valid contractual provision. Accordingly, the second special defense was not legally sufficient and is not a valid defense to a foreclosure action; it was properly stricken by the trial court.

The defendants' third and fourth special defenses, which alleged breach of the covenant of good faith and fair dealing and equitable estoppel, respectively, were premised on the same factual allegations that were made in the second special defense. Because the factual allegations set forth in the second special defense were not legally sufficient, the third and fourth special defenses likewise are insufficient.[5]

In the fifth special defense, the defendants allege modification and set forth the following factual allegations. In July, 2009, an entity "related"[6] to the defendant J & M Holdings called M & J Holdings, LLC (related entity), sold certain property in New London (New London property) to PJL Realty, LLC, for the sum of $800,000, even though the New London property was worth well in excess of $800,000.[7] The defendants and

[5] The parties agreed at oral argument that if the second special defense fails, then the third and fourth special defenses also fail.

[6] The fifth special defense alleged that M & J Holdings, LLC, was "a related entity to the [d]efendants." Although it is not clear how the entities allegedly were related, we construe pleadings broadly in the context of a motion to strike. A relationship such as a common ownership interest could have been encompassed by the terms.

[7] In a separate but related case, M.J. Holdings, LLC, Debra Schlachter Hall and Pierce Hall, among other defendants, filed an appeal with this court following the trial court's striking of their special defenses of equitable estoppel, breach of the implied covenant of good faith and fair dealing, and breach of a modification agreement in connection with a foreclosure proceeding initiated by TD Bank on the New London property. See *T.D. Bank, N.A.* v. *M.J. Holdings, LLC,* 143 Conn. App. 322, 71 A.3d 541 (2013). (discrepancy in name of related LLC is unexplained) In their special defenses, the defendants in that case alleged the existence of the same modification agreement alleged in the present case.

the related entity agreed to the sale because of the plaintiff's promise to modify the loans at issue in the present foreclosure proceeding if the related entity sold the New London property and provided the plaintiff with all of the net proceeds. The plaintiff accepted the full amount of the net proceeds from the sale of the New London property, $687,637.17, but did not modify the loans secured by the mortgage on the Plainfield property at issue in this case. The special defense also alleged that the defendants were beneficiaries of the agreement between the plaintiff and the related entity.

The defendants argue that their defense of modification is a legally sufficient defense in a foreclosure proceeding and is a valid defense in this case because they alleged that they were third party beneficiaries to the modification agreement.[8] The plaintiff argues that modification is not a valid defense in this case because the modification agreement was a separate transaction and does not have a sufficient link to the execution of the Plainfield note and mortgage under consideration here.

The alleged resulting modification of the loan agreement relates to the validity and enforcement of the mortgage and/or note and, thus, is a facially valid special defense. See *Forte* v. *Citicorp Mortgage, Inc.*, 66 Conn. App. 475, 784 A.2d 1024 (2001); see also *BAC Home Loans Servicing, L.P.* v. *Presutti*, Superior Court, judicial district of Hartford, Docket No. CV-09-5029746 (April 8, 2010) (49 Conn. L. Rptr. 609) (allegations of modification directly attack validity or enforcement of original note or mortgage); *ALI, Inc.* v. *Veronneau*, Superior Court, judicial district of Waterbury, Docket No. CV 126431 (October 11, 1996) (17 Conn. L. Rptr. 677) (modification valid special defense in foreclosure action); *Home Savings Bank of America* v. *Santilli*, Superior Court, judicial district of Stamford-Norwalk,

---

[8] We, of course, express no opinion as to whether the defendants will be able to prove this special defense.

Docket No. CV-93-0130634 (March 2, 1995) (same). If a valid subsequent agreement purporting to modify the original loan agreement was, in fact, entered into, then the original loan agreement may no longer be enforceable to the extent that it was contractually modified. This scenario affects the validity and enforcement of the original loan agreement.

According to the defendants' factual allegations in the fifth special defense, the plaintiff promised to modify the Plainfield note if a related entity performed a certain act, and that entity performed. Contrary to the plaintiff's claim, the alleged loan modification agreement was not made by parties with no connection to the Plainfield note; rather it was entered into by the plaintiff and an entity related to the defendant J & M Holdings. In this special defense, the defendants assert a connection with the subject matter of the present foreclosure action: the modification agreement, to which the plaintiff was a party and which was performed by the related entity, altered the original loan documents with respect to the Plainfield property, which in turn were sought to be enforced in this action. Thus, the alleged modification could affect the enforceability and current validity of the Plainfield loan documents. Because the fifth special defense alleges a legally sufficient defense, the court erred in granting the motion to strike this special defense.

The defendants' sixth and seventh special defenses were premised on the factual allegations in the fifth special defense. In their sixth special defense, the defendants alleged a breach of the implied covenant of good faith and fair dealing.[9] "[I]t is axiomatic that the . . . duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . . In

---

[9] Following oral argument before this court, we asked the parties to file simultaneous supplemental briefs on the question of whether the allegations of the sixth special defense set forth a sufficient factual basis for the court to grant relief on that defense, citing *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 132 Conn. App. 85, 99, 30 A.3d 38

other words, every contract carries an implied duty requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term. . . .

"To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract *must have been taken in bad faith.* . . . Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; emphasis added; internal quotation marks omitted.) *De La Concha of Hartford, Inc.* v. *Aetna Life Ins. Co.*, 269 Conn. 424, 432–33, 849 A.2d 382 (2004).

The defendants do not sufficiently allege a claim for breach of the covenant of good faith and fair dealing. The sixth special defense incorporates the facts alleged in the fifth special defense and adds a conclusory allegation that the actions of the plaintiff constituted a breach of the implied covenant of good faith and fair dealing. The fifth special defense states that the plaintiff agreed

(2011), cert. granted on other grounds, 303 Conn. 923, 34 A.3d 395 (2012). The defendants argued that the sixth special defense includes a detailed factual basis for their claim that the plaintiff breached the implied covenant of good faith and fair dealing and sufficiently alleged that the plaintiff acted in bad faith. They argue that under no circumstances could the actions of the plaintiff be viewed as anything but misleading—they promised modifications and did not do so. The plaintiff argued that the sixth special defense is insufficient to state a cause of action because it does not allege that the plaintiff acted in bad faith; there are no allegations that the plaintiff acted in a manner to deceive the defendants or acted with a sinister motive.

to modify the loan agreement if the related entity performed a certain act. The related entity performed and the bank did not perform. The sixth special defense simply realleges the breach of the modification agreement defense and does not allege facts regarding dishonesty in performance or enforcement of the contract. "[A] plaintiff cannot state a claim for breach of the implied covenant simply by alleging a breach of the contract, in and of itself. . . . Instead, to state a legally sufficient claim for breach of the implied covenant sounding in contract, the plaintiff must allege that the defendant acted in bad faith. . . . If the plaintiff fails to set forth factual allegations that the defendant acted in bad faith, a claim for breach of the implied covenant will not lie." (Citations omitted; internal quotation marks omitted.) *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 132 Conn. App. 85, 99, 30 A.3d 38 (2011), cert. granted on other grounds, 303 Conn. 923, 34 A.3d 395 (2012).

Moreover, under the factual allegations presented by the pleadings in this case, the trial court could not reach the issue of a breach of the covenant of good faith and fair dealing arising under the alleged contract to modify the Plainfield note and mortgage. The inquiry as to the enforceability of the Plainfield note alleged by the plaintiff would end upon determination of whether there in fact had been a contact to modify the terms of that initial loan agreement. If there had been no contract to modify, there of course would have been no implied covenant of good faith and fair dealing thereunder. But if there had been a contract to modify the terms, then its existence alone would defeat the foreclosing party's right of action. In such circumstances, it would not matter whether the party who agreed to the modification fully honored the implied covenant of good faith and fair dealing in the modification agreement because the existence of a contract to modify the original note would defeat the right of the party to enforce the terms of the original note in any event.

Accordingly, the sixth special defense properly was stricken.

In their seventh special defense, the defendants allege that due to the actions of the plaintiff regarding the modification agreement, it should be equitably estopped from foreclosing on the Plainfield property. The defendants argue that they have alleged facts sufficiently setting forth both elements of estoppel—that the plaintiff agreed to modify the loan agreement in exchange for net proceeds from the sale of the New London property and that in reliance on that agreement, the related entity sold the New London property for less than its full value and paid the net proceeds of $687,637.17 to the plaintiff.

Equitable estoppel is a recognized defense in a foreclosure action. See *Congress Street Condominium Assoc.* v. *Anderson*, 132 Conn. App. 536, 544, 33 A.3d 274 (2011). "The standards governing the application of equitable estoppel are well established. There are two essential elements to an estoppel—the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." (Internal quotation marks omitted.) *O'Connor* v. *Waterbury*, 286 Conn. 732, 757, 945 A.2d 936 (2008). The defendants set forth facts alleging that they were harmed because the related entity acted in reliance on the plaintiff's promise. The defendants do not allege that they themselves did anything in reliance on the plaintiff's promise, or, for that matter, that representations were made to *them*. Therefore, the defendants do not set forth facts legally sufficient to support a defense of equitable estoppel.

II

The defendants next claim that the court erred in granting the plaintiff's motion for summary judgment.

The court did not consider the fifth special defense in granting the plaintiff's motion for summary judgment, because that defense had been stricken. The granting of the motion for summary judgment as to liability was therefore improper. See *Homecomings* v. *Starbala*, 85 Conn. App. 284, 290, 857 A.2d 366 (2004). Accordingly, the court improperly rendered judgment of foreclosure by sale.

The judgment of foreclosure by sale is reversed and the case is remanded with direction to deny the plaintiff's motion to strike the defendants' fifth special defense and the plaintiff's motion for summary judgment, and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.