ROBERT L. ALEXANDER *v.* NANCY LOU TYSON, ADMINISTRATRIX (ESTATE OF ALBERT A. ALEXANDER)
(AC 30755)

Harper, Lavine and Alvord, Js.

Argued December 4, 2009—officially released July 13, 2010

*Robert L. Alexander,* pro se, the appellant (plaintiff).

*E. J. Robbin Greenspan,* with whom, on the brief, was *Christopher E. H. Sanetti,* for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, Robert L. Alexander, appearing pro se, appeals from the judgment of the trial court granting the oral motion for a nonsuit by the defendant, Nancy Lou Tyson, administratrix of the estate of Albert A. Alexander. The plaintiff claims that the court improperly rendered a judgment of nonsuit.[1] We affirm the judgment of the trial court.

On June 11, 2006, the plaintiff's brother, Albert A. Alexander, died intestate, leaving a multimillion dollar

---

[1] The plaintiff also claims that the merits of his underlying probate appeal are reviewable by this court. The plaintiff claims that the Probate Court should not have appointed the defendant as administratrix because she was of questionable character and integrity and because she was never legally married to the decedent. Thus, the plaintiff asks us to review issues that were not considered or decided by the trial court. See *Solomon* v. *Connecticut Medical Examining Board,* 85 Conn. App. 854, 862, 859 A.2d 932 (2004), cert. denied, 273 Conn. 906, 868 A.2d 748 (2005). "We need not review the merits of any claim, even a constitutional claim, that is presented for the first time on appeal." (Internal quotation marks omitted.) Id. Accordingly, we decline to review the merits of the plaintiff's underlying probate appeal.

estate. Following a hearing on March 14, 2007, the Probate Court appointed the defendant, the decedent's wife, the administratrix of the decedent's estate. The plaintiff opposed the defendant's appointment before the Probate Court and, appearing pro se, filed an appeal from the Probate Court's decree with the Superior Court on May 9, 2007. The plaintiff had a declaratory judgment action pending in Rhode Island seeking to void the defendant's marriage and wanted the Probate Court to wait until the action was resolved before appointing a permanent administrator.[2]

Initially, the trial court scheduled the trial on the plaintiff's probate appeal to commence on November 12, 2008. Although the plaintiff originally had appeared pro se in filing this appeal from the Probate Court, the plaintiff eventually hired an attorney and subsequently consented to his attorney's withdrawal a few weeks before the trial. In early November, the plaintiff filed several motions that included a request for a ninety day continuance to seek new counsel. By happenstance, on November 6, 2008, the trial court rescheduled the trial on the probate appeal to commence on January 9, 2009. The court confirmed the new trial date by issuing a new notice to the parties.

On January 5, 2009, the trial court denied the plaintiff's request for a ninety day continuance. On January 7, 2009, the Superior Court caseflow coordinator called the plaintiff to confirm that the trial would proceed on January 9, 2009. On the morning of trial, the plaintiff, who lived in Maryland, telephoned the caseflow coordinator. He told her that he did not want the trial to proceed as scheduled because he was not aware until the preceding day that his motion for a continuance had been denied, there was outstanding discovery in the case, he wanted to consult a Maryland attorney

---

[2] The Rhode Island action was dismissed.

about representing him pro hac vice, and he also needed to attend a funeral.

The plaintiff's request to reschedule the trial was placed on the record. The plaintiff failed to appear for trial. Upon the defendant's oral motion, the court entered a judgment of nonsuit. On January 28, 2009, the plaintiff filed this pro se appeal.[3]

The plaintiff first claims that the court abused its discretion when it granted the defendant's motion for a nonsuit for his failure to appear for a scheduled trial. Specifically, the plaintiff argues that he did not receive sufficient notice of the trial date, there were outstanding motions and discovery in the case, all in violation of his due process rights,[4] and he was not given a sufficient amount of time in which to file a trial brief. We disagree.

It is well established that "[e]ntry of a [nonsuit or] default for failure to appear for trial is a matter left to the sound discretion of the trial court. . . . Practice Book § 17-19 provides in relevant part: If a party . . . fails without proper excuse to appear in person or by counsel for trial, the party may be nonsuited or defaulted by the judicial authority." (Citation omitted; internal quotation marks omitted.) *Thompson* v. *Orcutt*, 70 Conn. App. 427, 442, 800 A.2d 530, cert. denied, 261 Conn. 917, 806 A.2d 1058 (2002). We conclude that the court did not abuse its discretion.

---

[3] The plaintiff did not file a motion to open and to vacate a judgment of nonsuit pursuant to General Statutes § 52-212. The plaintiff appeals directly from the court's judgment of nonsuit. The judgment of nonsuit is a final judgment for purposes of appeal. *Gryskiewicz* v. *Morgan*, 147 Conn. 260, 261, 159 A.2d 163 (1960).

[4] The plaintiff argues that the defendant's attorney committed fraud on the court by representing to the court that there were no outstanding motions or discovery in the case and trying to dispose of the case by any means possible. There is nothing in the record to support the plaintiff's argument.

At a hearing at the time of the scheduled trial, the court discussed on the record the reasons that the plaintiff gave for not appearing at trial. The court then considered the defendant's argument that the trial already had been delayed about two months, both parties had received a notice of the new trial date, the plaintiff never objected to the new trial date, and the notice stated that there would be no continuances. The notice also stated that a trial brief needed to be filed by both parties at least one week before trial, and the plaintiff failed to comply with this order.[5] Additionally, the defendant's witnesses had spent their time and incurred expenses traveling from Massachusetts, New York and Virginia to be present, and, in fact, some of the witnesses were members of the plaintiff's family and had no knowledge of the funeral that the plaintiff had claimed to be attending that day.

After considering the plaintiff's reasons for his failure to appear at the scheduled trial, the court rendered a judgment of nonsuit. The court stated, "I'm doing this because this is not a situation where [the plaintiff] was represented by counsel from the start and then counsel either died or left him in the lurch. . . . [The plaintiff's] counsel asked to be relieved of his responsibilities, and that was granted with no objection from the [plaintiff] back in October. . . . And I think it would be very unfair to the [defendant] as well as the other witnesses that have appeared at this point to continue it once again based on perhaps a hope that some other attorney in Maryland would be willing to get involved in the case and then be admitted pro hac vice to represent [him],

---

[5] To the extent that the plaintiff argues on appeal that he was prevented from filing his own trial brief because he did not receive the defendant's trial brief until two days before the trial, this argument has no merit. The plaintiff had notice from the court that he was required to file a trial brief at least one week prior to trial. Moreover, although the court considered that the plaintiff failed to file a trial brief, the judgment of nonsuit was rendered as a result of his failure to appear for trial. Practice Book § 17-19.

and I think that all of the factors that the court takes into consideration on when a belated last minute request for a continuance is made militate against granting that request, and, as I said, I previously denied [the plaintiff] a request for a continuance earlier this week."

We conclude that the court did not abuse its discretion when it rendered a judgment of nonsuit against the plaintiff. "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . The salient inquiry is whether the court could have reasonably concluded as it did. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds. . . . In determining whether there has been an abuse of discretion, much depends upon the circumstances of each case." (Citations omitted; internal quotation marks omitted.) *State* v. *Arbour*, 29 Conn. App. 744, 748, 618 A.2d 60 (1992).

Our review of the record reveals that the court considered the explanations provided by the plaintiff, denied the plaintiff's motion for a continuance, considered the effect of the plaintiff's conduct on others and his failure to file a trial brief. The court also considered that the plaintiff received notice of the trial date and that his request to reschedule the trial was made at the last minute. We, therefore, conclude that because the court reasonably addressed the issue and found that the plaintiff failed to appear "without proper excuse"; Practice Book § 17-19; the court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.