******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HOUSING AUTHORITY OF THE TOWN
OF GREENWICH *v.* JULIANA WEITZ
(AC 36966)

Lavine, Beach and Sheldon, Js.

*Submitted on briefs December 15, 2015—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Housing Session, Rodriguez, J.)

*Richard H. G. Cunningham* filed a brief for the appellant (defendant).

*Louis P. Pittocco* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this summary process action, the defendant, Juliana Weitz, appeals from the judgment of immediate possession rendered by the trial court in favor of the plaintiff, the Housing Authority of the Town of Greenwich, after she was defaulted for failure to appear at trial. The defendant claims on appeal that the trial court erred in "ordering a default judgment for failure of the defendant to appear at trial where the defendant appeared by counsel, counsel requested a continuance, and when the continuance was denied, [counsel] stated he was ready to proceed on trial, no motion was made for default, counsel indicated that the defendant was not personally present due to illness, and the court had already indicated that the case would have to be sent to Stamford for scheduling a trial." We reverse the judgment of the trial court.

On March 1, 2011, the parties entered into a written lease agreement, in which the defendant agreed to lease from the plaintiff an apartment located at 27 Havemeyer Place in Greenwich. The plaintiff served this summary process action upon the defendant, a section eight tenant, on February 21, 2014, seeking immediate possession of the subject premises on the ground that the defendant was allegedly in noncompliance with the lease because she had failed inspections of her unit on multiple occasions and had been storing her furniture in the common areas. On March 19, 2014, the defendant filed an appearance with the court. The defendant also filed an extensive answer to the plaintiff's complaint on that date. The matter was scheduled for trial on April 3, 2014. After several continuances,[1] the trial was scheduled for June 17, 2014.

On June 17, 2014, the parties, through their counsel, appeared before the court. The defendant herself was not present. Counsel for the defendant asked for another continuance on the basis of the defendant's alleged poor health. He indicated that he had attempted to obtain medical documentation supporting his claims regarding the defendant's health condition, but had been unable to do so in time for the hearing. Despite the defendant's poor health, counsel indicated that he would have someone transport her to court if the motion for continuance was denied. The parties agreed, with the court's approval, to pass the matter briefly and meet with a housing mediator to attempt to resolve their dispute. Shortly thereafter, the parties reported back to the court that although the meeting with the mediator had been productive, they had not been able to reach a final agreement. Counsel for the defendant renewed his request for a continuance on the basis of the defendant's health, in addition to personal obligations of his own. Counsel for the plaintiff objected "only because I didn't want to continue it until a July date. I would like to get it over with one way or another."

The court sustained the plaintiff's objection and denied the defendant's motion for continuance and the following colloquy ensued:

"The Court: I'm not satisfied—not that your representations are not sincere, counsel, but I haven't received any indication of the . . . defendant's inability to be here, and a default will enter. . . .

"[The Defendant's Counsel]: [R]ather than default enter, I will commence trial if we have to, rather than have it continue.

"The Court: We can't commence trial without your client, counsel. She's not here.

"[The Defendant's Counsel]: I can. I can—

"The Court: You can move to open a default if you have valid grounds . . . but the default will enter today.

"[The Defendant's Counsel]: If I may, I indicated to . . . Your Honor, if necessary for Your Honor to evaluate, the reason for it, I can have my client brought here though she is ill, and I would ask for permission to do so, rather than have a default enter.

"The Court: Anything else?

"[The Defendant's Counsel]: No, Your Honor.

"The Court: All right. The default will stand."

Based upon the default of the defendant for failure to appear at trial,[2] judgment of immediate possession was rendered in favor of the plaintiff.

On June 24, 2014, the defendant filed a motion to open the default judgment, explaining that her poor health—which included severe pain and vomiting—had prevented her from appearing in court on June 17, 2014.[3] The plaintiff objected to the defendant's motion. The court denied the motion to open and this appeal followed.

Distilled to its essence, the defendant's claim is that the trial court erred in defaulting her for failing to appear at trial when she had, in fact, appeared through her counsel, who indicated not only that he would have her brought to court despite her illness if the court denied his motion for continuance, but that he was prepared to proceed with trial in her absence. We agree.

It is well established that "[e]ntry of a [nonsuit or] default for failure to appear for trial is a matter left to the sound discretion of the trial court. . . . Practice Book § 17-19 provides in relevant part: If a party . . . fails without proper excuse to appear in person or by counsel for trial, the party may be nonsuited or defaulted by the judicial authority." (Internal quotation marks omitted.) *Alexander* v. *Tyson*, 122 Conn. App. 493, 496, 999 A.2d 830, cert. denied, 298 Conn. 928, 5

A.3d 488 (2010).

Here, the court's sole basis for entering a default against the defendant was her failure to appear for trial. However, counsel for the defendant was present in court, was willing to have the defendant transported to court despite her illness, and, alternatively, was prepared to proceed with trial.[4] Because our rules of practice do not require parties to be present for trial in civil cases, but permit them, rather, to appear through counsel, it was error for the trial court to default the defendant solely on the basis of her absence when her attorney was present and prepared to proceed.[5]

The judgment is reversed and the case is remanded with direction to vacate the default entered against the defendant and for further proceedings according to law.

[1] On March 26, 2014, the plaintiff moved for a continuance of the trial date to April 17, 2014, stating: "Counsel needs more time to prepare for trial because of the voluminous answer to the complaint." The court granted the plaintiff's motion and the trial was rescheduled for April 17, 2014. On April 16, 2014, the defendant moved for a continuance of the trial date to May 1, 2014, due to her "illness/disability." The trial was rescheduled to May 6, 2014. On May 1, 2014, the defendant, through her newly retained counsel, sought a continuance of the trial date on the grounds that he was "just retained, case complicated," and that he was not available because he was scheduled for a jury trial in another matter commencing on May 5, 2014. The court granted the motion for continuance and the trial was rescheduled to May 15, 2014. On May 15, 2014, the parties met with a housing mediator, but were unable to settle their dispute. The trial was continued to June 5, 2014. The defendant filed another motion for continuance, stating: "Defendant is unable to appear due to illness. Defendant is requesting a continuance as a result of a recent diagnosis of hepatitis and recurrent bouts of pancreatitis. Defendant's physician has strongly advised defendant to return to hospital for treatment, which defendant will comply with treating physician's advice as defendant's symptoms are worsening." The plaintiff objected to the motion for continuance on the ground that no medical evidence had been submitted concerning any of the alleged illnesses. The court sustained the objection and denied the motion for continuance. On June 5, 2014, the parties again met with a housing mediator, but again were unsuccessful at resolving their dispute. The trial was continued to June 17, 2014.

[2] It is noteworthy that the plaintiff never moved for a default of the defendant.

[3] The defendant presented medical records in support of her motion to open the default judgment.

[4] The record reflects that the court intended to transfer the case to Stamford for trial due to its complexity and forecasted duration. The entry of a default for failure to appear on June 17, 2014, when trial was not, in fact, going to proceed, is thus even more puzzling.

[5] Because we reverse the court's judgment on this basis, we need not address the defendant's additional claims of error.