DIANE S. BUSQUE *v.* OAKWOOD FARMS SPORTS
CENTER, INC., ET AL.
(AC 23666)

West, DiPentima and McLachlan, Js.

Argued September 18—officially released December 23, 2003

*Louis N. George*, with whom was *Michelle D. Killion*, for the appellant (plaintiff).

*Eric D. Eddy*, for the appellee (named defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Diane S. Busque, appeals from the judgment of the trial court rendered on the granting of the motion for summary judgment filed by the defendant Oakwood Farms Sports Center, Inc. Notwithstanding the issues as framed, the plaintiff essentially argues that the court improperly found that there were no genuine issues of material fact.[1] Because we agree, we reverse the judgment of the trial court

---

[1] Specifically, the plaintiff claims that the court improperly (1) failed to find that the defendant Oakwood Farms Sports Center, Inc. (Oakwood Farms), was negligent in directing her to an unsafe parking area, (2) failed to find that Oakwood Farms negligently directed her to the intended parking area, (3) found that Oakwood Farms did not owe her a duty to protect her from an unreasonable risk of harm that existed in the parking lot at 21 Sequin Drive in Glastonbury, where the injuries she sustained allegedly occurred, (4) found that Oakwood Farms did not owe her a duty to warn her of a dangerous condition that existed in the parking lot and (5) found that Oakwood Farms did not owe her a duty to inspect the parking lot.

rendered upon the granting of the defendant's motion for summary judgment.[2]

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On January 21, 2001, the plaintiff and her husband drove to the defendant's facility at 40 Oakwood Drive in Glastonbury. Upon arrival at the defendant's premises, there were no available parking spaces. The plaintiff's husband proceeded to park their automobile in a parking lot at 21 Sequin Drive. The couple attended a soccer game at the defendant's facility. At the conclusion of the soccer game, the couple walked back to their car. The plaintiff sustained injuries after slipping and falling on a patch of ice in the parking lot.

The plaintiff commenced this action on January 22, 2002. In count one of the complaint, the plaintiff alleged that the injuries she sustained in her fall at the parking lot were the result of the negligence and carelessness of the defendant.[3] On May 1, 2002, the defendant filed a motion for summary judgment as to count one. In the motion, the defendant argued that it did not owe the plaintiff a duty of care because she had not demonstrated the required elements of the defendant's possession and control over the parking lot. The plaintiff filed an objection to the motion for summary judgment, and oral argument occurred before the court on June 4, 2002.

The court granted the defendant's motion for summary judgment on June 12, 2002. The court concluded (1) there were no affidavits filed by the plaintiff,[4] (2)

[2] Joseph Giarratana and Hans Kretzmer, also defendants, were not parties to the motion. Therefore, we refer in this opinion to Oakwood Farms Sports Center, Inc., as the defendant.

[3] There were three counts in the complaint. Count one was the only count directed toward the defendant and, therefore, is the only count relevant to this appeal.

[4] There is no dispute that the plaintiff did, in fact, submit an affidavit with her opposition to the motion for summary judgment.

there was no evidence that the defendant possessed or controlled the premises or that it owed any duty to the plaintiff and (3) there was no evidence that the plaintiff was directed to 21 Sequin Drive. Following the granting of the motion for summary judgment, the plaintiff filed five motions seeking either review or articulation of the court's decision. On June 25, 2002, the plaintiff filed a motion for reconsideration, which was opposed by the defendant. The plaintiff argued that the court had failed to review her affidavit that had been filed with her opposition to the motion for summary judgment. The court denied the motion on September 9, 2002, without explanation. Thereafter, the plaintiff filed two more motions on which the court did not act.

The plaintiff then filed a second motion to reconsider on the ground of newly discovered evidence and a motion for articulation, both dated September 19, 2002. On October 7, 2002, the court issued an order denying the motion as to newly discovered evidence, stating: "Denied for same reasons as stated for original motion for summary judgment, i.e., as to control, duty or direction." On the same date, the court denied the plaintiff's motion for articulation. This appeal followed.

The plaintiff claims that the court improperly granted the defendant's motion for summary judgment in part because it failed to consider her affidavit. Because genuine issues of material fact exist as to the defendant's liability, we agree with the plaintiff on that issue.

"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the

evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) *Fogarty* v. *Rashaw*, 193 Conn. 442, 446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) *Michaud* v. *Gurney*, 168 Conn. 431, 434, 362 A.2d 857 (1975).

In this case, the affidavit filed by the plaintiff with her opposition to the defendant's motion for summary

judgment provides an evidentiary foundation that demonstrates that a genuine issue of material fact exists as to whether the plaintiff was a business invitee or was negligently directed. In her affidavit, the plaintiff stated there were no available parking spaces on the defendant's premises. She further stated that on an earlier occasion at the defendant's facility, she saw a notice posted at the reception desk indicating that additional parking was available in other parking lots at the back of the facility. She also stated that on previous occasions, an employee of the defendant informed her that there was additional parking at the back of the facility and that those parking lots were not associated with the defendant. Finally, she claimed that there were no signs prohibiting parking at the lot at 21 Sequin Drive.

Viewing the plaintiff's affidavit in the light most favorable to her, the affidavit creates genuine issues of material fact. The plaintiff claimed that the defendant negligently directed her to an area that was identified improperly. In support of that claim, the plaintiff averred that there was a notice posted at the reception desk directing her toward parking lots behind the building. Moreover, she averred that the defendant's employees directed her to parking lots located behind the defendant's facility. There exists a question of fact regarding the specific contents of the notice posted at the reception desk. There also exists a question of fact regarding exactly where the defendant's employees told the plaintiff she could park in the event there was no available parking at the defendant's facility. Furthermore, there are issues of material fact surrounding whether the plaintiff should be considered a business invitee and, therefore, owed a duty of care. The presence of those material issues of fact rendered the granting of the defendant's motion for summary judgment inappropriate. Accordingly, we conclude that the court improperly granted the motion for summary judgment.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.