HOMECOMINGS FINANCIAL NETWORK, INC. *v.*
BEVERLY STARBALA ET AL.
(AC 24049)

Lavery, C. J., and Flynn and DiPentima, Js.

Argued June 3—officially released September 28, 2004

*Jeffrey R. Babbin*, with whom was *Steven B. Malech*, for the appellants (defendants).

*Patrick Crook*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. In this foreclosure action, the defendants, Beverly Starbala and Steven Starbala, appeal from the judgment of strict foreclosure rendered by the court in favor of the plaintiff, Homecomings Financial Network, Inc. The defendants claim that the court improperly granted the plaintiff's motion to strike their special defense and counterclaim[1] and the plaintiff's

---

[1] The defendants did not file a motion for judgment as provided for under Practice Book § 10-44. Accordingly, no judgment entered as to the stricken counterclaim. We therefore dismiss for lack of jurisdiction the defendants' appeal as it relates to their counterclaim. See Practice Book §§ 10-44 and 61-2; see also *Norwich* v. *Silverberg*, 200 Conn. 367, 369 n.3, 511 A.2d 336 (1986); *Breen* v. *Phelps*, 186 Conn. 86, 89, 439 A.2d 1066 (1982).

motion for summary judgment as to liability. They specifically argue that the court (1) improperly determined that the defendants had failed to object to the motion to strike and (2) failed to take into consideration certain genuine issues of material fact in granting the plaintiff's motion for summary judgment. We reverse the judgment of the trial court.

The record reveals a number of assignments and transfers in the history of this mortgage. On November 29, 2000, the defendants executed a promissory note in favor of Delta Funding Corporation (Delta) in the amount of $280,000 secured by a mortgage on property located in Guilford. On December 4, 2000, Delta assigned the note and mortgage to the plaintiff, but it continued to act as the loan servicer and to accept checks mailed to it by the defendants until September, 2001. From approximately May, 2001, until August, 2001, Ocwen Federal Savings Bank (Ocwen) acted as the loan servicer. The defendants continued to send checks to Delta, but Ocwen endorsed those checks.

In August, 2001, Ocwen transferred the servicing of the mortgage loan to Litton Loan Servicing, L.P. (Litton). Ocwen purportedly sent notice of that transfer to the defendants by certified mail, return receipt requested, dated August 1, 2001. Litton purportedly sent a notice of default and intent to accelerate dated October 22, 2001, to the defendants also by certified mail, return receipt requested. Neither receipt appears in the record. The plaintiff brought this action for strict foreclosure by complaint dated December 15, 2001. The defendants filed an answer, a special defense and a two count counterclaim.

On March 11, 2002, the plaintiff filed a motion to strike the defendants' special defense and counterclaim. The defendants filed a memorandum of law in opposition to the motion to strike, and appeared at oral argument

to argue its objections to the motion. On May 20, 2002, the court, *Hon. Anthony V. DeMayo*, judge trial referee, granted the motion without issuing a memorandum of decision.

On July 12, 2002, the plaintiff filed a motion for summary judgment. After a hearing, the court, *Hon. Donald W. Celotto*, judge trial referee, granted that motion, concluding that there were no genuine issues of material fact in dispute and that, as a matter of law, the plaintiff had complied with the notice requirements of both the mortgage and the note. Thereafter, the court rendered a judgment of strict foreclosure and the defendants appealed. After the defendants filed their appeal, both Judge DeMayo and Judge Celotto issued articulations of their rulings in response to the defendants' motions for articulation.

I

The defendants first claim that the court improperly granted the plaintiff's motion to strike their special defense. Specifically, they argue that (1) the court's stated grounds for granting the motion were improper and (2) they asserted a proper special defense. We agree with both arguments.

At the outset, we note that "[t]he standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Johnson* v. *Mazza*, 80 Conn. App. 155, 158, 834 A.2d 725 (2003).

In its articulation, the court stated that the defendants "failed to address the motion to strike, leaving unanswered the plaintiff's claims of legal insufficiency, [the] defendants' failure to comply with 12 U.S.C. § 2605 and [the defendants'] failure to plead the elements of [the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.]." The record reflects that, in fact, the defendants filed a memorandum of law in opposition to the plaintiff's motion to strike and appeared at oral argument to object to the motion. At oral argument, the court noted that an opposition had been filed. The plaintiff acknowledged that fact in its postargument reply brief. Thus, to the extent that the court's articulation can be read to have overlooked the existence of the defendants' memorandum of law in opposition to the plaintiff's motion to strike, we agree with the defendants that the court was incorrect in its conclusion that they failed to address the motion to strike.

Moreover, if one reads the articulation to state that the defendants' memorandum in opposition to the motion to strike did not address the plaintiff's motion to strike sufficiently, we likewise agree that the court's conclusion was incorrect. The defendants' special defense alleged that the "[d]efendants tendered timely payment of the mortgage payment to the previous Note holder which payment was refused." The defendants claimed, in their memorandum in opposition to the motion to strike, that the previous note holder remains the holder of record on the Guilford land records and that, in pleading such a defense, the defendants have complied with the requirements of Practice Book § 10-50. The defendants' memorandum sufficiently addressed the merits of the plaintiff's motion to strike.

As to the defendants' claim that the court improperly found that their special defense was legally insufficient, we again agree with the defendants. "The purpose of a special defense is to plead facts that are consistent

with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 705, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002). Payment is a valid special defense in a foreclosure action. See id.; see also Practice Book § 10-50; *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 606 n.10, 717 A.2d 713 (1998) ("[p]ayment is an affirmative defense that must be proved by the defendant").

The defendants' special defense alleges that they tendered timely payment of the mortgage to the previous note holder, and that such payment was refused. The plaintiff argues that this special defense was legally insufficient in its failure to allege the facts necessary to support the defense of payment. Although the plaintiff cites cases addressing the need to set forth a cause of action adequately, it has not provided authority for the proposition that the special defense here is pleaded inadequately. As noted, the defense of payment is a legally sufficient defense in a foreclosure action, and whether payment was tendered is a question of fact appropriately decided by the trier of fact. The defendants' special defense sets forth sufficient facts to allege the defense of payment. The court therefore improperly granted the plaintiff's motion to strike with respect to the defendants' special defense.

## II

The defendants also claim that the court improperly granted the plaintiff's motion for summary judgment. We agree.

At the outset, we note the appropriate standard of review of a court's decision to grant a motion for summary judgment. "Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith *if the pleadings*, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Emphasis added; internal quotation marks omitted.) *Bouchard* v. *Sundberg*, 80 Conn. App. 180, 186, 834 A.2d 744 (2003). "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Busque* v. *Oakwood Farms Sports Center, Inc.*, 80 Conn. App. 603, 607, 836 A.2d 463 (2003), cert. denied, 267 Conn. 919, 841 A.2d 1190 (2004).

The court's granting of the motion for summary judgment was based on the state of the pleadings after the special defense was struck improperly. Because a consideration of the valid defense of payment likely would impact the court's determination on the motion for summary judgment, the court's granting of the motion for summary judgment was improper.[2]

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[2] Although we need not address the merits of the summary judgment because of our disposition regarding the fatal nature of the court's granting of the motion to strike, we do question the not uncommon use of motions for summary judgment in foreclosure actions, which are equitable in nature. The plaintiff filed a motion for summary judgment on the issue of liability only. This is problematic because the borrowers are not liable to anyone; rather, the property is liable for the debt that it secures. Thus, to dispose of such a claim in a foreclosure action by means of summary judgment is much like trying to use a saw to hammer a nail.