******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN S. KAMINSKI *v.* DAVID POIROT
(AC 41586)

DiPentima, C. J., and Alvord and Conway, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant attorney for
legal malpractice in connection with his representation of the plaintiff
in a prior civil action in which the plaintiff, who was an incarcerated
inmate at the time, sought to recover damages for personal injuries he
suffered while being transported in a Department of Correction van.
The plaintiff commenced the present action by service of process on
November 9, 2017, alleging that the defendant had acted unprofessionally
and committed two acts of legal malpractice in the underlying action,
namely, by withdrawing the complaint against three of the defendants
and by withdrawing from representing the plaintiff. The trial court
granted a motion for summary judgment filed by the defendant, conclud-
ing that the plaintiff's action was barred by the three year statute of
limitations (§ 52-577) applicable to tort claims, and rendered judgment
thereon, from which the plaintiff appealed to this court. *Held* that the
trial court properly granted the defendant's motion for summary judg-
ment, there having been no genuine issue as to any material fact that
the legal malpractice action was commenced beyond the applicable
three year statute of limitations; pursuant to § 52-577, the time period
within which a plaintiff must commence an action begins to run at the
moment the act or omission complained of occurs, and the record
reflected that the alleged acts of malpractice—the defendant's with-
drawal of the complaint against the three defendants in the underlying
action and his withdrawal from representing the plaintiff—occurred
more than three years prior to the plaintiff's commencement of this
action on November 9, 2017.

Argued March 13–officially released May 21, 2019

*Procedural History*

Action to recover damages for legal malpractice, and
for other relief, brought to the Superior Court in the
judicial district of Hartford, where the court, *Hon.
Joseph H. Pellegrino*, judge trial referee, granted the
defendant's motion for summary judgment and ren-
dered judgment thereon, from which the plaintiff
appealed to this court. *Affirmed.*

*John S. Kaminski*, self-represented, the appellant
(plaintiff).

*David Poirot*, self-represented, the appellee
(defendant).

*Opinion*

ALVORD, J. The self-represented plaintiff, John S. Kaminski, appeals from the summary judgment rendered by the trial court in favor of the defendant, Attorney David Poirot. On appeal, the plaintiff claims that the court erroneously concluded that his legal malpractice action against the defendant was time barred pursuant to General Statutes § 52-577, the statute of limitations applicable to tort actions.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On June 8, 2012, the plaintiff was a passenger in a Department of Correction van driven by a correction officer. He was being transported to a medical facility for a magnetic resonance imaging (MRI) scan because of a lower back problem. At some point during the trip, the van's left rear tire blew out, and the van moved to the left hand side of the highway and struck a guardrail. The plaintiff, alleging that he suffered back and neck injuries as a result of the incident, commenced a negligence action as a self-represented party against three individual defendants employed by the Department of Correction (underlying action) on June 18, 2013. On January 28, 2014, the defendant attorney filed an appearance on the plaintiff's behalf.

On April 3, 2014, the defendant filed a motion to cite in the state of Connecticut as a defendant in the underlying action. On April 21, 2014, the court granted the motion, and the defendant summoned the state to appear and filed an amended complaint on May 7, 2014. On May 8, 2014, the defendant withdrew the complaint against all of the individual defendants, leaving the state as the sole defendant in the underlying action. On June 25, 2014, the defendant filed a motion for permission to withdraw his appearance, claiming that the attorney-client relationship had broken down. On July 1, 2014, the plaintiff filed an appearance in the underlying action as a self-represented party in lieu of the appearance of the defendant.

The plaintiff continued to represent himself in the underlying action. The case was tried to the court, *Swienton*, *J*. On November 29, 2016, the court issued a memorandum of decision in which it concluded that the record was "bereft of any evidence" demonstrating that the state breached any duty owed to the plaintiff. The court rendered judgment in favor of the state.

On November 9, 2017, the self-represented plaintiff commenced this action against the defendant claiming legal malpractice. From a very broad and liberal reading of his complaint, it appears that the plaintiff is alleging that the defendant was "unprofessional" when he withdrew as counsel for the plaintiff in the underlying action and that the defendant left the plaintiff with a very

complex matter to litigate by changing the underlying action from a simple negligence action against individual state employees to a General Statutes § 52-556 action against the state. On December 8, 2017, the defendant filed an answer and special defense, alleging that the plaintiff's claim was barred by the statute of limitations, § 52-577. The plaintiff filed a reply to the special defense on December 21, 2017.

On February 5, 2018, the defendant filed a motion for summary judgment, accompanied by a memorandum of law in support of his motion. The defendant argued that the plaintiff was alleging that the defendant's act of malpractice was withdrawing the underlying action as to the three individual defendants, which occurred on May 8, 2014. Because § 52-577 is a three year statute of limitations, the defendant claimed that the present action was required to be commenced by May 8, 2017. The defendant was served with the plaintiff's legal malpractice action on November 9, 2017, which is more than three years from the date of the alleged malpractice. Accordingly, the defendant claimed that the plaintiff's action was time barred and that he was entitled to judgment as a matter of law.

The plaintiff filed his objection to the defendant's motion for summary judgment on February 15, 2018. In the plaintiff's response, he claimed that the three year period did not commence until Judge Swienton had rendered judgment in favor of the state on November 29, 2016. Accordingly, the plaintiff's position was that he had until November 29, 2019, to file the legal malpractice claim against the defendant. Because the defendant was served on November 9, 2017, the plaintiff argued that he had commenced the action well within the requisite three year period and that the defendant's motion for summary judgment should be denied.

On March 26, 2018, the court heard argument on the defendant's motion for summary judgment. On April 5, 2018, the court issued its memorandum of decision. In granting the defendant's motion, the court determined that the plaintiff claimed that the defendant committed malpractice in withdrawing the complaint in the underlying action as to the individual state employees, which occurred on May 8, 2014. The court also noted that the defendant had filed a request to withdraw his appearance in the underlying case on June 25, 2014, and that the court had not acted on that request. Nevertheless, the court indicated that the plaintiff obviously had agreed to the defendant's withdrawal because he had filed a pleading as a self-represented party on July 14, 2014, and continued thereafter to represent himself in the underlying action.[2] The court concluded that because it was undisputed that service of process in this action was not made until November 9, 2017, the action had been commenced "well beyond the three year statute of limitations [and] [t]he plaintiff has not

filed any affidavit setting forth circumstances which would impede the normal application of § 52-577." This appeal followed.

"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record. . . .

"Summary judgment may be granted where the claim is barred by the statute of limitations. . . . Actions for legal malpractice based on negligence are subject to § 52-577, the tort statute of limitations. . . . This court has determined that [§] 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. . . . Moreover, our Supreme Court has stated that [i]n construing our general tort statute of limitations . . . § 52-577, which allows an action to be brought within three years from the date of the act or omission complained of . . . the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred. . . . The three year limitation period of § 52-577, therefore, begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." (Citations omitted; internal quotation marks omitted.) *Cruz* v. *Schoenhorn*, 188 Conn. App. 208, 214–16,      A.3d (2019).

Accordingly, "[w]hen conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) *Pagan* v. *Gonzalez*, 113 Conn. App. 135, 139, 965 A.2d 582 (2009). "Legal actions in Connecticut are commenced by service of process. . . . There is a presumption of truth in matters asserted in the officer's return." (Citation omitted; internal quotation marks omitted.) Id.

Although the plaintiff's complaint is somewhat unclear, and the plaintiff's argument before the trial court at the hearing on the defendant's motion for summary judgment similarly was somewhat confusing, we will assume from the plaintiff's oral argument before this court that the acts of alleged malpractice are the defendant's decision to withdraw his representation of the plaintiff in the underlying action and the defendant's withdrawal of the complaint in the underlying action as to the three individual state employees. The court file in the underlying action reflects that the defendant filed his motion to withdraw his appearance on June 25, 2014. Although there was no court ruling on that motion, the plaintiff filed his appearance as a self-represented party, in lieu of the appearance filed by the defendant, on July 1, 2014. At that point, the defendant no longer represented the plaintiff in the underlying action. Accordingly, July 1, 2014, is the start date for the first alleged act of malpractice. The court file reflects that the defendant withdrew the complaint in the underlying action as to the individual defendants on May 8, 2014. Accordingly, May 8, 2014, is the start date for the second alleged act of malpractice.

The marshal's return of service provides that the defendant was served with process on November 9, 2017, which is more than three years from the date of either the first or the second alleged act of malpractice. We therefore conclude, as a matter of law, that the plaintiff's legal malpractice action against the defendant is time barred pursuant to § 52-577,[3] and, thus, the court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this judgment the other judges concurred.

[1] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[2] Significantly, the plaintiff filed an appearance as a self-represented party in the underlying action on July 1, 2014, and that appearance was filed in lieu of the appearance filed by the defendant.

[3] Because we conclude that the court properly rendered summary judgment in favor of the defendant on the ground that the plaintiff's legal malpractice claims against him were time barred pursuant to § 52-577, we need not reach the alternative grounds for affirmance raised by the defendant in his appellate brief.